1   Donald J. Kula, Bar No. 144342
    DKula@perkinscoie.com
2   Monica M. Ortiz, Bar No. 259282
    MOrtiz@perkinscoie.com
3   PERKINS COIE LLP
    1888 Century Park E., Suite 1700
4   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
5   Facsimile:  310.788.3399

6   Attorneys for Defendant
    Redbox Automated Retail, LLC
7

FILED
CLERK, U.S. DISTRICT COURT

APR - 7 2011

CENTRAL DISTRICT OF CALIFORNIA
BY ____

COPY

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  MICHAEL MEHRENS, individually,      Case No. CV11-02936 JHN (Ex)
    and on behalf of all others similarly
12  situated,                            NOTICE OF REMOVAL BY
                                         DEFENDANT REDBOX
13              Plaintiff,               AUTOMATED RETAIL, LLC

14       v.                              [Removed from the Superior Court of
                                         the State of California for the County of
15  REDBOX AUTOMATED RETAIL,             Los Angeles, Case No. BC455418]
    LLC, a Delaware limited liability
16  company, and DOES 1 - 500,          [Declaration of Brian Rady in support
                                         thereof filed concurrently herewith]
17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

72292-1004/LEGAL20455760 2          -1-              NOTICE OF REMOVAL

Defendant Redbox Automated Retail, LLC ("Defendant" or "Redbox") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1446 and 1453, on the following grounds.

## I.  INTRODUCTION

### A.  The Complaint

On February 17, 2010, Plaintiff Michael Mehrens commenced an action in the California Superior Court, County of Los Angeles, titled *Michael Mehrens, individually, and on behalf of all others similarly situated v. Redbox Automated Retail, LLC, a Delaware limited liability company, and Does 1-500, inclusive*, Case No. BC455418.  Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint filed in that action is attached hereto as Exhibit 1.  Plaintiff served Redbox, by hand, with a copy of the Complaint and summons from the Superior Court on March 8, 2011.  A copy of the summons is attached hereto as Exhibit 2.

The Complaint alleges three causes of action against Redbox: (1) violation of California Civil Code section 1747.08 (Violation), (2) violation of California Civil Code section 1747.08 (Injunctive Relief), and (3) violation of the California Business and Professions Code section 17200.  Each cause of action derives from the allegation that Redbox unlawfully retains and records consumer personal identification information, specifically the ZIP code and e-mail address of its customers.

Plaintiff brings this action as a purported class action.  He seeks to represent the following purported class:

> All persons who engaged in a credit card transaction during the last four (4) years at one of Defendants' retail stores located in the State of California, and who was requested or required to provide personal identification information at the time of the credit card transaction.

(Compl., ¶ 11.)  This purported class includes persons who:

a.    Have been requested, or required as a condition to the acceptance of the credit card as payment in full or in part for goods or services, to write, provide, and/or input personal identification information (as defined in California Civil Code section 1747.08) upon the credit card transaction form or otherwise; and/or

b.    have requested, or required as a condition to the acceptance of the credit card as payment in full or in part for goods or services, to provide personal identification information (as defined in California Civil Code section 1747.08), which the person, firm, partnership, association, or corporation accepting the credit card had written, caused to be written, or otherwise recorded upon the credit card transaction form or otherwise.

(Compl., ¶ 12.)  Plaintiff alleges that the purported class "is believed to exceed 1,000 people."

The Complaint's prayer for relief seeks, among other things, the following forms of relief:  (1) "statutory penalt[ies]," (2) "a preliminary injunction, followed by a permanent injunction" barring Redbox from engaging in the activity described in the Complaint, (3) "restitution of property," and (4) "reasonable attorneys' fees." (Compl. at pp. 10-11.)

## II.    GROUNDS FOR REMOVAL

**A.    This Present Action Is Removable Under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453.**

This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which provides in pertinent part as follows:

The district court shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

1   28 U.S.C. § 1332(D)(2).  The requirements of CAFA are met here because, as

2   discussed in greater detail below, the matter in controversy in this purported class

3   action exceeds the sum or value of $5,000,000 (taking into account all damages and

4   equitable relief sought for all of the purported class members' claims in the

5   aggregate, exclusive of interest and costs), and there is "minimum diversity" under

6   CAFA, i.e. the citizenship of any member of a class of plaintiffs is a citizen of a

7   state different from any other defendant."  *Id.* § 1332(d)(2)(A).

8           **1.      This Is a Purported Class Action Within the Meaning of CAFA,**
            **Whose Members Exceed 100.**

9

10          CAFA defines "class action" as "any civil action filed under rule 23 of the

11  Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure

12  authorizing an action to be brought by 1 or more representative persons as a class

13  action."  *Id.* § 1332(d)(1)(B).  Here the Complaint plainly shows that this is a

14  purported class action under the California Code of Civil Procedure.  The

15  Complaint is titled "Complaint (Class Action)" and is purported to be brought by

16  Plaintiff "on behalf of himself and all others similarly situated" pursuant to

17  California's class action statute (California Code of Civil Procedure section 382).

18  (Compl., p. 1, lines 19-20.)

19          The purported class members, as described in the Complaint, exceed 100.

20  Plaintiff alleges that "[t]he precise number of members of the class and their

21  addresses are presently unknown to Plaintiff, but is believed to exceed 1,000

22  people."  (Compl., ¶ 13.)  Additionally, the Plaintiff alleges that the purported class

23  members are "all persons" who (1) "engaged in a credit card transaction during the

24  last four (4) years at one of Defendants' retail stores located in the state of

25  California," (2) "who was requested or required to provide personal identification

26  information at the time of the credit card transaction."  (Compl., ¶ 11.)  In 2010,

27  Redbox entered into more than 10 million credit card transactions at its kiosks

28  throughout the state of California.  *See* Declaration of Brian Rady ("Rady Decl."),

¶ 2.  Plaintiff alleges that Defendants have requested and/or required purchasers to provide personal information to Redbox when processing the credit card transaction. (Compl., ¶ 23.)

### 2.  The Amount in Controversy Exceeds $5 Million

Under CAFA, "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).  The Complaint here asks for statutory civil penalties, disgorgement and restitution, attorneys' fees, and an injunction against Redbox. (Compl., at p. 10:23-24, p.11.) While the Complaint is silent as to the dollar amount at issue, the amount in controversy nevertheless exceeds $5 million.  Where a complaint is silent as to the amount requested, the less demanding preponderance of evidence standard is imposed in determining whether the amount in controversy is satisfied. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 704 (9th Cir. 2007).  Here, the relief requested by Plaintiff demonstrates that more than $5 million is at issue.

Specifically, in 2010 alone, Redbox had more than 10 million transactions in California. Rady Decl., ¶ 2.  Even if, as Plaintiff alleges, Redbox violated the Song-Beverly Act in only some of these transactions, the amount in controversy would exceed the minimum jurisdictional amount.  A penalty of up to $250 for the first violation and up to $1,000 for each subsequent violation may be accessed for violations of the Song-Beverly Act. Cal. Civ. Code § 1747.08(e).  Even if the statutory maximum was not presumed nor that a violation occurred in every transaction, it would be reasonable to conclude that it is more likely than not that the amount in controversy would nevertheless be satisfied taking into consideration the amount of penalties permitted by statute and the number of transactions Redbox had in California.  Moreover, Plaintiff seeks injunctive relief against Redbox. *In re Ford Motor Co. v. Citibank, N.A.* 264 F.3d 952, 958 (9th Cir. 2001) (amount in

1   controversy when plaintiff seeks injunctive relief is the potential cost to the

2   defendant to comply with injunction).

3        Plaintiff also seeks restitution and disgorgement.  Since each transaction is

4   worth at least one dollar, the jurisdictional minimum would be met under a theory

5   of disgorgement.  In circumstances such as those present here, the Court may make

6   reasonable assumptions regarding the number of violations to reach the CAFA

7   threshold.  Rady Decl., ¶ 2; *see, e.g., Helm v. Alderwoods Group, Inc.*, 2008 WL

8   2002511, at *5 (N.D. Cal. May 7, 2008) (denying remand motion because even if it

9   assumed only one-third of employees were affected by alleged violation, the

10  $5 million amount would be met); *Muniz v. Pilot Travel Centers LLC*, 2007 WL

11  1302504, *4 (E.D. Cal. May 1, 2007) ("[E]ven assuming far less than a 100%

12  violation rate still results in an amount in controversy that exceeds the jurisdictional

13  minimum.").

14       Plaintiff also seeks attorneys' fees.  This amount is also properly included in

15  the calculation of the amount in controversy.  *See Lowdermilk v. U.S. Bank Nat'l*

16  *Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007) (concluding that statutory attorneys' fees

17  were properly included in the amount in controversy for CAFA jurisdictional

18  requirement); *Staton v. Bowing Co.*, 327 F.3d 938, 969 (9th Cir. 2003); *Galt G/S v.*

19  *JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees must be

20  included in amount in controversy when authorized by underlying statute); *Brady v.*

21  *Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010-11 (N.C. Cal. 2002).  The allegations

22  in the Complaint therefore meet or exceed the $5,000,000 amount-in-controversy

23  requirement.

24       **3.    Minimal Diversity is Established Under CAFA**

25       Defendant Redbox is not a citizen of California.  Redbox is a limited liability

26  company formed under the laws of Delaware with its principal place of business in

27  Illinois.  Its two members are Coinstar, Inc., a Delaware corporation with its

28  principal place of business in Washington, and Sesame Holdings, Inc., a holding

1    company incorporated in Delaware and a 100% owned subsidiary of Coinstar, Inc.,

2    with its principal place of business in Washington.  Some of the purported class

3    members however, more likely than not, will include citizens of California.

4    (Compl., ¶ 11 (Class includes all persons who engaged in a credit card transaction

5    at one of Defendant's kiosks in California)); *Abrego Abrego v. Dow Chem. Co.* 443

6    F.3d 676, 683 (9th Cir. 2006) (holding defendant removing under CAFA must

7    establish diversity jurisdiction by a "preponderance of the evidence").  Here, the

8    class will necessarily include California citizens. *See King v. Safeway, Inc.*, No. C-

9    08-0999 MMC, 2008 WL 1808545, at *1 (N.D. Cal. Apr. 22, 2008) (where class

10   defined as "all persons in the State of California who purchased" defendants

11   product at its California stores, court denied motion for remand holding that

12   minimum diversity under CAFA was established because the class would likely

13   include some California citizens).

14        Further, for purposes of establishing diversity jurisdiction, a person is a

15   citizen of a state in which he or she is domiciled. *Kanter v. Warner-Lambert, Co.*

16   265 F.3d 853, 857 (9th Cir. 2001) ("a person's domicile is her permanent home,

17   where she resides with the intention to remain or to which she intends to return").

18   Plaintiff is a resident of Los Angeles County, California and is believed to be a

19   citizen of California.  (Compl., ¶ 4.); *see, e.g., Gonzalez v. First NLC Fin. Servs.*,

20   No. CV 09-4147 AHM (RZx), 2009 WL 2513670 *1, at *2 (C.D. Cal. Aug. 12,

21   2009) (while the allegation of residency alone is inadequate to allege citizenship for

22   diversity purposes, the state of residency is prima facie the state of an individual's

23   domicile); *Marroquin v. Wells Fargo, LLC*, 11cv163-L (BLM), 2011 WL 476540,

24   at *1 (S.D. Cal. Feb. 3, 2011) ("place of residence is *prima facie* the domicile");

25   *Smith v. Simmons*, 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal.

26   Mar. 18, 2008).  Thus, the citizenship of "any member of a class of plaintiffs is a

27   citizen of a State different from any defendant," as required under CAFA. *See* 28

28   U.S.C. § 1332(d)(2)(A).

### 4.   The Only Defendant Is a Limited Liability Company

Redbox is a limited liability company and the only defendant. Therefore, the primary defendant is not a state, state official, or other governmental entity, and the requirement of 28 U.S.C. § 1332(d)(5)(A) is met.

Redbox is the sole defendant, and no other defendant is required to consent to this removal. 28 U.S.C. § 1453(b).

### 5.   This Action Does Not Fall Within Any Exclusions to Removal Jurisdiction

The action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(9) or 28 U.S.C. § 1453(d). This action is therefore properly removed pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453.

### B.   Venue and Intra-District Assignment

Because the Complaint was filed and currently pending in the California Superior Court, County of Los Angeles, this District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a), and the Western Division is the proper intra-district assignment for this action upon removal because it is the division that embraces the county where the state court action was pending.

### C.   Redbox Has Satisfied All Other Requirements of the Removal Procedure

Redbox was served with a copy of the Complaint and summons on March 8, 2011. This notice is timely filed pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto. Copies of the Complaint, Summons, Civil Cover Sheet, Court Orders dated March 4, 2011 and March 11, 2011, a Notice of Case Management Conference, Proof of Service of Summons, and state court docket are attached hereto as Exhibits 1, 2, 3, 4, 5, 6, 7 and 8 respectively. No other pleadings have been filed to date in this matter in the Los Angeles County Superior Court.

Redbox will serve written notice of the removal of this action upon all parties promptly and will file such notice with the Clerk of the California Superior Court, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

### III.   RESERVATION OF RIGHTS AND DEFENSES

Redbox expressly reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Redbox's defenses. *See, e.g.*, *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

### IV.   CONCLUSION

WHEREFORE, defendant Redbox Automated Retail, LLC hereby removes this case from the California Superior Court, County of Los Angeles, to this federal district court.

DATED: April 7, 2011

PERKINS COIE LLP

By: _____
    Monica M. Ortiz

Attorneys for Defendant
Redbox Automated Retail, LLC

# TABLE OF CONTENTS

| DESCRIPTION | Exhibit. No. |
|---|---|
| Complaint | 1 |
| Summons | 2 |
| Civil Case Cover Sheet | 3 |
| Order dated March 4, 2011 | 4 |
| Order dated March 11, 2011 | 5 |
| Notice of Case Management Conference | 6 |
| Proof of Service of Summons | 7 |
| State Court Docket | 8 |

**EXHIBIT "1"**

RIDOUT & LYON, LLP
CHRISTOPHER P. RIDOUT (State Bar No. 143931)
Email: c.ridout@ridoutlyonlaw.com
DEVON M. LYON (State Bar No. 218293)
Email: d.lyon@ridoutlyonlaw.com
CALEB LH MARKER (State Bar No. 269721)
Email: c.marker@ridoutlyonlaw.com
555 E. Ocean Blvd., Ste. 500
Long Beach, California  90802
(562) 216-7380
(562) 216-7385 Fax

**Attorneys for Plaintiffs**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 17 2011

John A. Clarke, Executive Officer/Clerk

By_____ Depu

RUGENA LOPEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES CENTRAL DIVISION

MICHAEL MEHRENS, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company, and DOES 1 – 500,

Defendants.

Case No.:

**BC455418**

**COMPLAINT (CLASS ACTION)**

For Violation Of:

1. California Civil Code § 1747.08 (Violation);
2. California Civil Code § 1747.08 (Injunctive Relief); and
3. Violation of Business and Professions Code § 17200

(Jury Trial Demanded)

Plaintiff Michael Mehrens brings this action, by and through his undersigned counsel, on behalf of himself and all others similarly situated, based on information and belief and the investigation of counsel, except for information based on personal knowledge, hereby alleges as follows:

### I.   NATURE OF ACTION

1.     This lawsuit is a class action brought by Plaintiff pursuant to Code of Civil Procedure §382 against Defendants for violation of California Civil Code § 1747.08 (the "Song-Beverly Credit Card Act"). Specifically, Plaintiff alleges that Defendants request and/or require its customers to provide personal identification information when they complete a transaction using their credit card, in violation of the Song-Beverly Credit Card Act.

COMPLAINT (CLASS ACTION)                                                                                    1

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over the violations of the California Civil Code complained of herein.

3.      Venue is appropriate in this court as a substantial part of the events and conduct giving rise to the claims this action occurred in this county and certain Defendants reside in, transact business with class members in, and maintain a principal place of business in this county.

## III. PARTIES

4.      Plaintiff, Michael Mehrens ("Plaintiff"), is and was at all times herein mentioned an adult over the age of 21 years of age and residing in the County of Los Angeles, State of California.

5.      Defendant Redbox Automated Retail, LLC d/b/a "Redbox" ("Defendant") is, and at all times mentioned herein was a Delaware limited liability company doing business in the State of California, with its corporate headquarters located at 1 Tower Lane, Suite 1200, Oakbrook Terrace, IL 60181.  Defendant's agent for service of process in California is CT Corporation System, located at 818 West 7th Street, Los Angeles, California 90017.

6.      Defendant operates over 30,200 self-service DVD kiosks in 26,100 locations around the United States.  Defendant's kiosks are installed primarily at grocery stores, mass retailers, drug stores, restaurants and convenience stores including Walmart, Walgreens, and McDonalds. Defendant's DVD kiosks supply the functionality of a traditional video rental store. Consumers use a touch screen to select their movie titles and swipe a valid credit or debit card to pay for and receive their movie(s). Typically, the per unit DVD rental price at a Redbox kiosk is a flat fee plus tax for one night and, if the consumer chooses to keep the DVD movie for additional nights, the consumer is charged for each additional night at the same flat fee per night.  In 2010, Defendant recorded $1,160,110,000 in DVD kiosk-generated revenue.  As of February 2009, Defendant is a wholly owned subsidiary of Coinstar, Inc., a publicly traded (NASDAQ: CSTR) Delaware corporation with headquarters located in Bellevue, Washington.

7.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 500, inclusive, and each of them, and therefore sues said defendants by such

1  fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said

2  defendants when ascertained. Plaintiff is informed and believes, and based thereon alleges that

3  each of said fictitiously named defendants acted intentionally, negligently, and/or recklessly or is

4  responsible in some manner for the occurrences herein alleged, and that each of the violations of

5  Plaintiff's rights as herein alleged were proximately and legally caused by said defendants' actions.

6      8. Plaintiff is informed and believes, and based thereon alleges that all of the

7  defendants identified herein, whether identified by name or by fictitious name, were and are the

8  agents, servants, and employees of each of the remaining defendants, and that in doing the things

9  alleged herein were acting within the purpose, course and scope of said agency, service, and/or

10  employment and with the permission, consent, authorization, and subsequent ratification of each of

11  the remaining defendants.

12      9. Plaintiff is informed and believes, and based thereon alleges that Defendants, and

13  each of them, agreed to, cooperated with, aided, abetted, encouraged, ratified, and/or adopted the

14  acts, actions, wrongdoing, and representations of each of the remaining Defendants herein.

15                              **IV. CLASS ACTION ALLEGATIONS**

16      10. This action is brought as a class action pursuant to Code of Civil Procedure

17  §382 and any other applicable laws or rules of civil procedure. In addition to statutory

18  damages for Class Members, this action seeks recovery of economic damages,

19  restitution, injunctive and equitable relief arising from Defendants' credit card practices,

20  such as the disgorgement and recovery monies paid to Defendants by marketing

21  companies.

22      11. **Class Definition:** The Class sought to be represented in this action as it relates to

23  the is defined as follows:

> All persons who engaged in a credit card transaction during the last four (4) years at one of Defendants' retail stores located in the State of California, and who was requested or required to provide personal identification information at the time of the credit card transaction (hereinafter, the "Class").

The Class Period dates back four years (or the length of the longest applicable statute of

limitations for any claim asserted) from the date this action was commenced and continues

24
25
26
27
28

1    through the present and the date of judgment. Excluded from the Class are: (a) any officers,

2    directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or

3    family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to

4    hear this case.

5        12.     The Class includes persons who:

6              a.     have been requested, or required as a condition to the acceptance of the

7                   credit card as payment in full or in part for goods or services, to write,

8                   provide, and/or input personal identification information (as defined in

9                   California Civil Code section 1747.08) upon the credit card transaction form

10                   or otherwise; and/or

11             b.     have been requested, or required as a condition to the acceptance of the

12                   credit card as payment in full or in part for goods or services, to provide

13                   personal identification information (as defined in California Civil Code

14                   section 1747.08), which the person, firm, partnership, association, or

15                   corporation accepting the credit card has written, caused to be written, or

16                   otherwise recorded upon the credit card transaction form or otherwise;

17        13.     **Numerosity of the Class.** Members of the class are so numerous that their

18    individual joinder herein is impracticable. The precise number of members of the class

19    and their addresses are presently unknown to Plaintiff, but is believed to exceed 1,000

20    people. Defendants operate numerous DVD kiosks in the State of California, with each

21    store serving dozens of customers per day. The precise number of persons in the class

22    and their identities and addresses may be ascertained from defendants' records. If

23    deemed necessary by the Court, members of the class may be notified of the pendency

24    of this action by mail, supplemented by published notice.

25        14.     **Ascertainable Class**. The proposed Class is ascertainable. The litigation of the

26    questions of fact and law involved in this action will resolve the rights of all members of the

27    Class and hence, will have binding effect on all class members. These Class Members can be

28    readily identified from point-of-sale computer files of the Defendants and other means readily

1   available to the Defendants, and thus the Plaintiff, through minimally intrusive discovery. The

2   class is numerous. Joinder of all class members is impracticable due to both a reluctance of class

3   members to sue Defendants and the relatively small monetary recovery for each class member in

4   comparison to the costs associated with separate litigation.

5       15.   **Common Questions of Fact and Law Exist and Predominate over**

6   **Individual Issues.** There is a well-defined community of interest in the questions of law

7   and fact involved affecting the parties to be represented. These common questions of

8   law and fact exist as to all members of the class and predominate over the questions

9   affecting only individual members of the class. These common legal and factual

10  questions include without limitation:

11          a.   Whether Defendants conduct in requesting and/or requiring personal

12               identification information from their customers violates California Civil

13               Code § 1747.08; and

14          b.   Whether Defendants conduct in providing touchscreen credit card

15               forms that contain spaces for filling in personal identification information

16               violates California Civil Code § 1747.08.

17      16.   **Typicality.** The claims of Plaintiff are typical of the claims of the Class.

18  Plaintiff and all Class Members engaged in a credit card transaction at one of

19  Defendant's California retail locations. Plaintiff and all Class Members were requested

20  and/or required to provide personal identification information in violation of California

21  law.

22      17.   **Adequacy.** Plaintiff is an adequate representative of the Class on whose

23  behalf this action is prosecuted. Plaintiff's interests do not conflict with the interests of

24  the Class. Plaintiff has retained competent counsel with experience in class action

25  litigation and will prosecute this action vigorously. As a result, Plaintiff can fairly and

26  adequately represent and protect the interests of the class in that there are no conflicts between

27  their interests and the interests of other class members, this action is not collusive, the named

28

COMPLAINT (CLASS ACTION)                                                      5

1   Plaintiff and his counsel have the necessary resources to litigate this action, and counsel has the

2   experience and ability required to prosecute this case as a class action.

3        18.   **Community of Interest**. The proposed Class has a well defined community of

4   interest in the questions of fact and law to be litigated. The common questions of law and fact are

5   predominant with respect to the liability issues, relief issues and anticipated affirmative defenses.

6   The named Plaintiff has claims typical of the class members. There is a well-defined community

7   of interest in the questions of law and fact involved affecting the plaintiff class in that the claims

8   of all such class members relate to and arise out of a common scheme and practice utilized by

9   Defendants in credit card transactions by which said Defendants (1) request and/or require

10  personal identification information from their customers, and/or (2) use credit card forms which

11  contain preprinted spaces for filling in personal identification information, all in violation of

12  California Civil Code section 1747.08.

13       19.   **Superiority of Class Adjudication**. The certification of a class in this action is

14  superior to the litigation of a multitude of cases by members of the putative class. Class

15  adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings.

16  Equity dictates that all persons who stand to benefit from the relief sought herein should be

17  subject to the lawsuit and hence subject to an order spreading the costs of the litigation among the

18  class members in relationship to the benefits received.  The statutory damages, restitution and

19  other potential recovery for each individual member of the class are modest, relative to

20  the substantial burden and expense of individual prosecution of these claims.   Given the

21  amount of the individual class members' claims, few, if any, class members could afford

22  to seek legal redress individually for the wrongs complained of herein.   Even if the

23  members of the class themselves could afford individual litigation, the court system

24  could not.  Individualized litigation presents a potential for inconsistent or contradictory

25  judgments.  Individualized litigation increases the delay and expense to all parties and the

26  court system presented by the complex legal and factual issues of the case. By contrast,

27  the class action device presents far fewer management difficulties, and provides the

28

COMPLAINT (CLASS ACTION)                                                    6

1    benefits of single adjudication, economy of scale, and comprehensive supervision by a

2    single court.

3        20.   In the alternative, the above-referenced class may be certified because:

4            a.    The prosecution of separate actions by the individual members of the

5                  class would create a risk of inconsistent or varying adjudication with

6                  respect to individual class members' claims which would establish

7                  incompatible standards of conduct for defendants;

8            b.    The prosecution of separate actions by individual members of the

9                  class would create a risk of adjudications which would as a practical

10                 matter be dispositive of the interests of other members of the class

11                 who are not parties to the adjudications, or which would

12                 substantially impair or impede the ability of other class members to

13                 protect their interests; and,

14           c.    Defendants have acted or refused to act on grounds generally

15                 applicable to the class, thereby making appropriate final and

16                 injunctive relief with respect to the class.

17   **V. FIRST CAUSE OF ACTION**
     **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1747.08**
18   **(Against All Defendants)**

19       21.    Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully

20   set forth herein.

21       22.    During past year immediately preceding the filing of this suit, Plaintiff rented

22   certain DVDs from Defendants using his credit card. At the time of each purchase, Defendants

23   requested and/or required Plaintiff to provide his ZIP code and e-mail address, which Defendants

24   recorded as a part of processing the credit card transaction. As a result, Plaintiff provided personal

25   identification information to Defendants and Plaintiff is informed and believes said Defendants

26   recorded said information in their computer and information systems all in violation of California

27   Civil Code section 1747.08.

28

COMPLAINT (CLASS ACTION)                        7

23. In the course of accepting credit card payments from Plaintiff and all those similarly situated, Defendants have employed a pattern, scheme, practice and/or policy relative to processing purchases whereby Defendants have requested and/or required that purchasers provide personal information to Defendants as part of the processing of the credit card transactions. Plaintiff is informed and believes and based thereon alleges that Defendants have then caused all the personal identification information to be otherwise recorded in Defendants' computer and information systems.

24. California Civil Code section 1747.08(e) provides that any person who violates its provisions shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250.00) for the first violation and one thousand dollars ($1,000.00) for each subsequent violation. Accordingly, Plaintiff seeks an award to be determined at time of trial in compliance with said provisions.

25. Plaintiff has incurred and, during the pendency of this action, will incur expenses for attorney's fees and costs herein. Among other things, Plaintiff is informed and believes, and based thereon alleges, that this action will result in the enforcement of an important right affecting the public interest, that a significant benefit will be conferred thereby upon the general public and/or a large class of persons, that the necessity and financial burden of private enforcement are such as to make a recovery of said fees and costs appropriate, and such fees should in the interests of justice be paid by Defendants. Said attorney's fees and costs are necessary for the prosecution of this action and will result in a benefit for each of the members of the class. Plaintiff will seek to recover said attorneys' fees and costs according to proof at the time of trial herein pursuant to law, including, but not limited to, the provisions of Code of Civil Procedure section 1021.5 and otherwise.

## VI. SECOND CAUSE OF ACTION
### INJUNCTIVE RELIEF FOR VIOLATION OF CAL. CIVIL CODE § 1747.08
(Against All Defendants)

26. Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

COMPLAINT (CLASS ACTION)                                                    8

27.   Plaintiff is informed and believes, and based thereon alleges, that Defendants' violations of California Civil Code section 1747.08 are continuing. There is no plain, speedy, and/or effective remedy available to Plaintiff to bring said violations to an end.

28.   Plaintiff therefore requests that the court enter a preliminary injunction, to be followed by a permanent injunction, barring Defendants, and/or anyone acting in concert therewith, from doing any of the following:

  a. Utilizing any credit card form (printed, touchscreen, electronic or otherwise) with any space(s) specifically designated for filling in any personal identification information of the cardholder, specifically including the cardholder's e-mail address and/or ZIP code; and/or,

  b. Requesting, and/or requiring as a condition to accepting credit cards as payment in full or in part for any goods and/or services, that any credit cardholder provide any personal identification information, specifically including the cardholder's e-mail address and/or ZIP code; and/or,

  c. Writing or otherwise recording, and/or causing to be written and/or otherwise recorded in any form, any personal identification information, specifically including, but not limited to, any credit cardholder's e-mail address and/or ZIP code, while processing any credit card transaction.

29.   Plaintiff has incurred and, during the pendency of this action, will incur expenses for attorney's fees and costs herein. Among other things, Plaintiff is informed and believes, and based thereon alleges, that this action will result in the enforcement of an important right affecting the public interest, that a significant benefit will be conferred thereby upon the general public and/or a large class of persons, that the necessity and financial burden of private enforcement are such as to make a recovery of said fees and costs appropriate, and such fees should in the interests of justice be paid by Defendants. Said attorneys' fees and costs are necessary for the prosecution of this action and will result in a benefit for each of the members of the class. Plaintiff will seek to recover said attorney's fees and costs according to proof at the time of trial herein pursuant to law,

including, but not limited to, the provisions of Code of Civil Procedure section 1021.5 and otherwise.

### VII. THIRD CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.
### (Against All Defendants)

30.     Plaintiff fully incorporates by reference herein all of the above paragraphs, as though fully set forth herein.

31.     Defendants, and each of them, have engaged in unlawful business acts and practices. Such acts and practices constitute unfair business practices in violation of Business and Professions Code §§17200 *et seq.* (the "UCL")

32.     In particular, defendants, and each of them, have engaged in unlawful business acts which include:

      a.     Defendants' conduct in requesting and/or requiring personal identification information from their customers in violation of California Civil Code § 1747.08; and

      b.     Defendants' conduct in providing credit card forms that contain preprinted spaces for filling in personal identification information in violation of California Civil Code § 1747.08.

33.     As a direct and proximate result of the Defendants' above-described unfair, unlawful and fraudulent business practices, Defendants have violated the UCL causing class members to be injured, suffer harm, and incur the loss of money. Specifically, Plaintiff are entitled to the value and/or residual value of the personal identification information wrongfully obtained by Defendants, including any monies obtained through the sale, barter, or exchange of Plaintiff and the Class' personal identification information to third-party list brokers and/or any other entity. Plaintiff seeks restitution, disgorgement of ill-gotten gains, attorneys' fees, and all other remedies permitted by law.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.     For a Court order certifying that the action may be maintained as a class action;

---

COMPLAINT (CLASS ACTION)                                              10

2.      As to the First Cause of Action, for an award of a statutory penalty pursuant to California Civil Code § 1747.08(e) for Plaintiff and for each person similarly situated for each violation of Civil Code section 1747.08 in an amount to be determined by the trier-of-fact at trial;

3.      As to the Second Cause of Action, for a preliminary injunction, followed by a permanent injunction, barring Defendants, and/or anyone acting in concert therewith, from doing any of the following:

         a.      Utilizing any credit card form (printed, touchscreen, electronic or otherwise) with any space(s) specifically designated for filling in any personal identification information of the cardholder, specifically including the cardholder's e-mail address and/or ZIP code; and/or,

         b.      Requesting, and/or requiring as a condition to accepting credit cards as payment in full or in part for any goods and/or services, that any credit cardholder provide any personal identification information, specifically including the cardholder's e-mail address and/or ZIP code; and/or,

         c.      Writing or otherwise recording, and/or causing to be written and/or otherwise recorded in any form, any personal identification information, specifically including, but not limited to, any credit cardholder's e-mail address and/or ZIP code, while processing any credit card transaction;

4.      For restitution of property;

5.      For reasonable attorneys' fees and costs as allowed by law according to proof;

6.      For any and all such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RIDOUT & LYON, LLP

Dated: <u>February 16, 2011</u>     By:

Christopher P. Ridout, CA Bar No. 143931
Devon M. Lyon, CA Bar No. 218293
Caleb LH Marker, CA Bar No. 269721
**Attorneys for Plaintiffs**

**EXHIBIT "2"**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability
company, and DOES 1 – 500

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL MEHRENS, individually, and on behalf of all others
similarly situated,



FOR COURT USE ONLY
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 17 2011

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
RUBENA LOPEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):* **BC 455418** |
|---|---|

Los Angeles Superior Court - Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Caleb LH Marker, Esq., SBN 269721, 555 E. Ocean Blvd., Ste. 500, Long Beach, CA 90802 (562) 216-7380

| DATE: FEB 17 2011<br>*(Fecha)* | Clerk, by RUBENA LOPEZ<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT "3"**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Caleb LH Marker, Esq. (SBN 269721)<br>RIDOUT & LYON, LLP<br>555 E. Ocean Blvd., Ste 500<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562) 216-7380  FAX NO.: (562) 216-7385<br>ATTORNEY FOR *(Name)*: Plaintiff | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>FEB 17 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____, Deputy<br>RUBEN CRUZ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Mehrens v. Redbox Automated Retail, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC455418<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Three
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 16, 2011
Caleb LH Marker, Esq.
_____         _____
(TYPE OR PRINT NAME)                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |



## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)* .
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Mehrens v. Redbox | CASE NUMBER **BC455418** |
|---|---|



FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 17 2011

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
RUBENA LOPEZ

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL <u>7</u>   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | Mehrens v. Redbox | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | Mehrens v. Redbox | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Mehrens v. Redbox | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: | |
|---|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90026 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the **Stanley Mosk** courthouse in the **Central** District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: **February 16, 2011**

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

**EXHIBIT "4"**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/04/11                                                              DEPT. 324

HONORABLE  EMILIE H. ELIAS          JUDGE | A. MORALES          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM |                   ELECTRONIC RECORDING MONITOR

            NONE          Deputy Sheriff | NONE                    Reporter

| | | |
|---|---|---|
| 8:30 am | BC455418 | Plaintiff Counsel         NO APPEARANCES |
| | MICHAEL MEHRENS VS REDBOX AUTOMATED RETAIL LLC | Defendant Counsel |
| | NON-COMPLEX (03-04-11) | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Michael L. Stern in Department 62 at Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 62 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

                CLERK'S CERTIFICATE OF MAILING/
                  NOTICE OF ENTRY OF ORDER

                    Page 1 of 2   DEPT. 324

```
MINUTES ENTERED
03/04/11
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/04/11

**DEPT. 324**

HONORABLE EMILIE H. ELIAS       JUDGE | A. MORALES       DEPUTY CLERK

HONORABLE                       JUDGE PRO TEM |                ELECTRONIC RECORDING MONITOR

NONE       Deputy Sheriff | NONE       Reporter

8:30 am | BC455418

Plaintiff
Counsel

MICHAEL MEHRENS       NO APPEARANCES
VS
REDBOX AUTOMATED RETAIL LLC

Defendant
Counsel

NON-COMPLEX (03-04-11)

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
03-04-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 03-07-11

John A. Clarke, Executive Officer/Clerk

By: _____
       K. HILAIRE

RIDOUT & LYON, LLP
Christopher P. Ridout, Esq.
555 East Ocean Boulevard, Suite 500
Long Beach, California 90802

Page   2 of   2.   DEPT. 324

MINUTES ENTERED
03/04/11
COUNTY CLERK

**EXHIBIT "5"**

NOTICE SENT TO:

Ridout, Christopher P., Esq.
Ridout & Lyon LLP
555 E. Ocean Blvd., Suite 500
Long Beach,   ·        CA   90802

**FILED**
Superior Court of California
County of Los Angeles

**MAR 1 1 2011**

John A. Clarke, Executive Officer/Clerk
By _M Cari Ula_____ Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

MICHAEL MEHRENS

VS.

Plaintiff(s),

REDBOX AUTOMATED RETAIL LLC

Defendant(s).

| CASE NUMBER |
| --- |
| BC455418 |

### ORDER TO SHOW CAUSE HEARING

To the party/attorney of record:_

You are ordered to appear for an Order to Show Cause Hearing on _April 28, 2011_ at _8:30 am_ in _Dept. 62_ of this
court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [ ] Summons and [ ] Complaint [ ] Cross-Complaint pursuant to California
Rules of Court, rule 3.110(b) and (c) as to: REDBOX AUTOMATED RETAIL LLC**

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30,
and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and
Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ ] Clerk's Office, Room _102_
at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not
entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing
and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: _March 11, 2011_

_____
Judicial Officer

#### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date
I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles,
California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully
prepaid.

Date: _March 11, 2011_

John A. Clarke, EXECUTIVE OFFICER/CLERK

By _M Cari Ula_____, Deputy Clerk

#### ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

**EXHIBIT "6"**

62

**FILED**
Superior Court of California
County of Los Angeles
FILE STAMP

MAR 1 1 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy

NOTICE SENT TO:

Ridout, Christopher P., Esq.
Ridout & Lyon LLP
555 E. Ocean Blvd., Suite 500
Long Beach,        CA   90802

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| MICHAEL MEHRENS | | **CASE NUMBER** |
| | Plaintiff(s), | BC455418 |
| VS. | | |
| REDBOX AUTOMATED RETAIL LLC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for May 17, 2011 at 8:30 am in Dept. 62 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**   **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.1 et seq.

Date: March 11, 2011                                                _____
                                                                              Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[. ] by personally giving the party notice upon filing the complaint.
Date: March 11, 2011                                             John A. Clarke, Executive Officer/Clerk

                                                                       by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                                         Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                         LASC Local Rules, Chapter Seven

**EXHIBIT "7"**

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY
CALEB LH MARKER        SBN 269721
RIDOUT & LYON, LLP
555 E. OCEAN
STE 500
LONG BEACH CA 90802
562/216-7380

ATTORNEY FOR:    PLAINTIFF

LOS ANGELES SUPERIOR CRT, LOS ANGELES
  CENTRAL DISTRICT-STANLEY MOSK
  111 N. HILL STREET
  LOS ANGELES, CA. 90012

FOR COURT USE ONLY

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 15 2011

JOHN A. CLARKE, CLERK
BY RAUL SANCHEZ, DEPUTY

| PLAINTIFF/PETITIONER: | MEHRENS | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | REDBOX AUTOMATED RET | BC455418  758 |

| **PROOF OF SERVICE OF SUMMONS** | REF NO. OR FILE NO.: W45697/MEHRENS VS REDBOX |
|---|---|

**ORIGINAL**

1. At the time of service I was at least 18 years of age and not a
   party to this action.

2. I served copies of the:

   SUMMONS AND COMPLAINT (CLASS ACTION)
   CIVIL CASE COVER SHEET
   CIVIL CASE COVER SHEET ADDENDUM
   AND STATEMENT OF LOCATION
   NOTICE OF CASE ASSIGNMENT
   ALTERNATIVE DISPUTE RESOLUTION
   INFORMATION PACKAGE

3. a. Party served:

   REDBOX AUTOMATED RETAIL, LLC, A DELAWARE LIMITED
   LIABILITY COMPANY, BY SERVING THE AGENT FOR
   SERVICE OF PROCESS, C.T. CORPORATION SYSTEM

   b. Person served:

   MARGARET WILSON

   Title:

   PROCESS SPECIALIST (AUTHORIZED TO ACCEPT)

4. Address where party was served:

   818 WEST 7TH STREET
   LOS ANGELES CA 90017

5. I served the party

   a. BY PERSONAL SERVICE. I personally delivered the documents listed

| PLAINTIFF/PETITIONER: | MEHRENS | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | REDBOX AUTOMATED RET | BC455418 |

in item 2 to the party or person authorized to receive service
of process for the party
(1) ON: 03/08/11   (2) AT: 02:25 PM

6  The "Notice to the Person Served" was completed as follows:
   on behalf of : REDBOX AUTOMATED RETAIL, LLC, A DELAWARE LIMITED
          LIABILITY COMPANY, BY SERVING THE AGENT FOR
          SERVICE OF PROCESS, C.T. CORPORATION SYSTEM

      under CCP 416.10 (Corporation)

7.   **Person who served papers**
   a.  Name:                              KIM UY
   b.  Address:                          P.O. 91985 LONG BEACH, CA 90809
   c.  Telephone Number:            562/595-1337
   d.  The fee for service was:      38.50
   e.  I am:
          (3)  registered California process server:
                 (i)   Employee or independent contractor.
                 (ii)  Registration No.:          6485      Expires: 02/11/12
                 (iii) County:             LOS ANGELES

8.  **I declare**       under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.

03/09/11

KIM UY

SIGNAL ATTORNEY SERVICE, INC , LOS ANGELES CO. REG# 494J, EXPIRES

Form Adopted for Mandatory Use            **PROOF OF SERVICE OF SUMMONS**            Code of Civil Procedure,  417.10
Judicial Council of California POS-010                                                                        Invoice No      490696
(Rev  January, 2007)

**EXHIBIT "8"**

# Case Summary

Please make a note of the Case Number.

<u>Click here to access document images for this case.</u>
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Case Number:** BC455418
MICHAEL MEHRENS VS REDBOX AUTOMATED RETAIL LLC

**Filing Date:** 02/17/2011
**Case Type:** Other Commercial/Business Tort (General Jurisdiction)
**Status:** Pending

---

## Future Hearings

**04/28/2011** at 08:30 am in department 62 at 111 North Hill Street, Los Angeles, CA 90012
OSC - No Return of Service (REDBOX AUTOMATED RETAIL LLC)

**05/17/2011** at 08:30 am in department 62 at 111 North Hill Street, Los Angeles, CA 90012
Conference-Case Management

---

<u>Documents Filed</u> | <u>Proceeding Information</u>

## Parties

DOES 1-500 - Defendant/Respondent

MEHRENS MICHAEL - Plaintiff/Petitioner

REDBOX AUTOMATED RETAIL LLC - Defendant/Respondent

RIDOUT CHRISTOPHER P. ESQ. - Attorney for Plaintiff/Petitioner

---

<u>Case Information</u> | <u>Party Information</u> | <u>Proceeding Information</u>

Please make a note of the Case Number.

<u>Click here to access document images for this case.</u>
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Documents Filed** (Filing dates listed in descending order)

**03/15/2011** Proof-Service/Summons
Filed by Attorney for Plaintiff/Petitioner

**03/11/2011** Notice-Case Management Conference
Filed by Clerk

**03/11/2011** OSC-Failure to File Proof of Serv
Filed by Clerk

**02/17/2011** Complaint

---

Case Information | Party Information | Documents Filed

**Proceedings Held** (Proceeding dates listed in descending order)

**03/04/2011** at 08:30 am in Department 324, Emilie H. Elias, Presiding
Court Order - **Court makes order**

---

Case Information | Party Information | Documents Filed | Proceeding Information

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 2936 JHN (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
   **312 N. Spring St., Rm. G-8**
   **Los Angeles, CA 90012**

[ ] **Southern Division**
   **411 West Fourth St., Rm. 1-053**
   **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
   **3470 Twelfth St., Rm. 134**
   **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| Michael Mehrens, individually, and on behalf of all other similarly situated | Redbox Automated Retail, LLC, a Delaware limited liability company, and DOES 1 - 500 |

| (b) Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same ) | Attorneys (If Known) |
|---|---|
| Christopher P Ridout, Ridout & Lyon, LLP<br>555 E Ocean Blvd , Ste 500, Long Beach, CA 90802<br>(562) 216-7380 | Donald J Kula,<br>Monica M Ortiz<br>Perkins Coie LLP<br>1888 Century Park East, Ste 1700, Los Angeles, CA 90067, (310) 788-9900 |

**II. BASIS OF JURISDICTION** (Place an X in one box only )

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only**
(Place an X in one box for plaintiff and one for defendant )

| | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| □ 1 U S  Government Plaintiff | □ 3  Federal Question (U S Government Not a Party) | Citizen of This State | ☑ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| □ 2 U S  Government Defendant | ☑ 4  Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | ☑ 5 |
| | | Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only )

□ 1 Original Proceeding   ☑ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT   JURY DEMAND:** □ Yes  ☑ No (Check 'Yes' only if demanded in complaint )

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  □ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ attorneys' fees    civil penalties, restitution and

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause  Do not cite jurisdictional statutes unless diversity )
Violation of California Civil Code section 1747 08, Violation of California Business & Professions Code section 17200

**VII. NATURE OF SUIT** (Place an X in one box only )

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400  State Reapportionment | □ 110  Insurance | □ 310  Airplane | □ 370  Other Fraud | □ 510  Motions to Vacate Sentence Habeas Corpus | □ 710  Fair Labor Standards Act |
| □ 410  Antitrust | □ 120  Marine | □ 315  Airplane Product Liability | □ 371  Truth in Lending | | □ 720  Labor/Mgmt Relations |
| □ 430  Banks and Banking | □ 130  Miller Act | □ 320  Assault, Libel & Slander | □ 380  Other Personal Property Damage | □ 530  General | □ 730  Labor/Mgmt Reporting & Disclosure Act |
| □ 450  Commerce/ICC Rates/etc | □ 140  Negotiable Instrument | □ 330  Fed Employers Liability | □ 385  Property Damage Product Liability | □ 535  Death Penalty | |
| □ 460  Deportation | □ 150  Recovery of Overpayment & Enforcement of Judgment | □ 340  Marine | **BANKRUPTCY** | □ 540  Mandamus/Other | □ 740  Railway Labor Act |
| □ 470  Racketeer Influenced and Corrupt Organizations | | □ 345  Marine Product Liability | □ 422  Appeal 28 USC 158 | □ 550  Civil Rights | □ 790  Other Labor Litigation |
| □ 480  Consumer Credit | □ 151  Medicare Act | □ 350  Motor Vehicle | □ 423  Withdrawal 28 USC 157 | □ 555  Prison Condition | □ 791  Empl Ret Inc Security Act |
| □ 490  Cable/Sat TV | □ 152  Recovery of Defaulted Student Loan (Excl Veterans) | □ 355  Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| □ 810  Selective Service | | □ 360  Other Personal Injury | □ 441  Voting | □ 610  Agriculture | □ 820  Copyrights |
| □ 850  Securities/Commodities/ Exchange | □ 153  Recovery of Overpayment of Veteran's Benefits | □ 362  Personal Injury-Med Malpractice | □ 442  Employment | □ 620  Other Food & Drug | □ 830  Patent |
| □ 875  Customer Challenge 12 USC 3410 | □ 160  Stockholders' Suits | □ 365  Personal Injury-Product Liability | □ 443  Housing/Accommodations | □ 625  Drug Related Seizure of Property 21 USC 881 | □ 840  Trademark |
| ☑ 890  Other Statutory Actions | □ 190  Other Contract | □ 368  Asbestos Personal Injury Product Liability | □ 444  Welfare | | **SOCIAL SECURITY** |
| □ 891  Agricultural Act | □ 195  Contract Product Liability | | □ 445  American with Disabilities - Employment | □ 630  Liquor Laws | □ 861  HIA (1395ff) |
| □ 892  Economic Stabilization Act | □ 196  Franchise | **REAL PROPERTY** | □ 446  American with Disabilities - Other | □ 640  R R & Truck | □ 862  Black Lung (923) |
| □ 893  Environmental Matters | □ 210  Land Condemnation | | | □ 650  Airline Regs | □ 863  DIWC/DIWW (405(g)) |
| □ 894  Energy Allocation Act | □ 220  Foreclosure | **IMMIGRATION** | □ 440  Other Civil Rights | □ 660  Occupational Safety /Health | □ 864  SSID Title XVI |
| □ 895  Freedom of Info Act | □ 230  Rent Lease & Ejectment | □ 462  Naturalization Application | | □ 690  Other | □ 865  RSI (405(g)) |
| □ 900  Appeal of Fee Determination Under Equal Access to Justice | □ 240  Torts to Land | □ 463  Habeas Corpus Alien Detainee | | | **FEDERAL TAX SUITS** |
| □ 950  Constitutionality of State Statutes | □ 245  Tort Product Liability | □ 465  Other Immigration Actions | | | □ 870  Taxes (U S Plaintiff or Defendant) |
| | □ 290  All Other Real Property | | | | □ 871  IRS-Third Party 26 USC 7609 |

**CV11-02936**

**FOR OFFICE USE ONLY:    Case Number** _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events, or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact, or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges, or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date April 7, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |