**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02936-JHN -Ex | Date | January 6, 2012 |
|---|---|---|---|
| Title | Michael Mehrens v. Redbox Automated Retail LLC et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE CASE WITH PREJUDICE [15] AND DENYING PLAINTIFF'S MOTION TO CERTIFY AS MOOT [39] (IN CHAMBERS)**

The matter is before the Court on Defendant Redbox Automated Retail, LLC's ("Defendant") motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 15.) The motion is made on the ground that Plaintiff Michael Mehren's ("Plaintiff") *sole* cause of action—violation of the Song-Beverly Credit Card Act of 1971, California Civil Code 1747.08 (hereinafter, "section 1747.08" or "the Act")—fails to state a claim because section 1747.08 does not apply to Redbox transactions.[1] On June 24, 2011, the Court deemed the matter appropriate for decision without oral argument and took the matter under submission. For the following reasons, the Court GRANTS the motion and dismisses Plaintiff's sole cause of action with prejudice.

## I. FACTUAL BACKGROUND

The pertinent facts, which are culled from the First Amended Complaint ("FAC"), are taken as true for the purposes of this Motion. (Docket no. 12.)

Defendant operates self-service DVD kiosks throughout the United States. (FAC ¶ 6.) In order to rent or buy a movie, customers use a touch screen to select a movie and then

---

[1] Plaintiff brought this putative class action on his behalf and on behalf of all similarly situated.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02936-JHN -Ex | Date | January 6, 2012 |
|---|---|---|---|
| Title | Michael Mehrens v. Redbox Automated Retail LLC et al | | |

swipe a credit or debit card to pay for the movie. (*Id.*) After customers swipe their credit or debit card, the kiosk screen displays the following statement: "For security reasons, please enter the ZIP code associated with your card's billing address, and press 'ENTER'."[2] (*Id.* at ¶ 16.) After entering their ZIP code, customers are then prompted to enter their email address. (*Id.* at ¶ 19.)

Plaintiff Michael Mehrens ("Plaintiff") alleges that during the year immediately preceding the filing of this action, he rented DVDs from Defendant using his credit card. (*Id.* at ¶ 75.) During each transaction, Defendant requested and/or required Plaintiff to provide his ZIP code and email address. (*Id.*) Plaintiff claims that Defendant uses the personal identifying information for the purpose of determining where to place future Redbox kiosks. (*Id.* at ¶¶ 31, 49.)

Based on these allegations, Plaintiff asserts that Defendant violated the Song-Beverly Credit Card Act of 1971 (hereinafter, "section 1747.08" or "the Act") by requiring him to provide his ZIP code and email address.

## II. DISCUSSION

Section 1747.08 provides in relevant part:

>   (a) Except as provided in subdivision (c), no . . . corporation that accepts credit cards for the transaction of business shall do any of the following:
>
>   (1) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise.
>
>   (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder

---

[2] Defendant notes that Exhibit C to the FAC states: "Please enter the ZIP code associated with your payment card's billing address, and press 'ENTER'." (Mot. 5 n.3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02936-JHN -Ex | Date | January 6, 2012 |
|---|---|---|---|
| Title | Michael Mehrens v. Redbox Automated Retail LLC et al | | |

    to provide personal identification information, which the . . . corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

  (3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.

(b) For purposes of this section "personal identification information," means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, *the cardholder's address and telephone number.*

Cal. Civ. Code § 1747.08(a) and (b) (emphasis added).

## A. Section 1747.08 Does Not Apply to Online Transactions

The issue presented is whether section 1747.08 applies to Redbox transactions in which a customer uses a credit card to rent or buy a DVD at an unattended stand alone kiosk.

When faced with an issue of statutory interpretation, "we look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress." *United States v. 475 Martin Lane*, 545 F. 3d 1134, 1141 (9th Cir. 2008) (quoting *United States v. Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir. 1999)).

Where statutory language is clear and unambiguous, it will be applied according to its terms. *Wilson v. Safeway Stores, Inc.*, 52 Cal. App. 4th 267, 272, 60 Cal. Rptr. 2d 532 (1997). Here, the Act prohibits merchants from requiring the cardholder to *write* personal identification information on the credit card form, requiring the cardholder to provide personal identification information that merchants then *write* on the credit card form, and utilizing forms with *preprinted* spaces for personal identification information. This language suggests that "pen and paper" transactions are contemplated, rather than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02936-JHN -Ex | Date | January 6, 2012 |
|---|---|---|---|
| Title | Michael Mehrens v. Redbox Automated Retail LLC et al | | |

electronic entry of numbers on a keypad or touchscreen, and the Act makes no specific reference to online or kiosk transactions.

The purpose of the Act further supports an interpretation that it is limited to brick-and-mortar transactions. The original amendment to the Act addressed two privacy concerns: "[F]irst, that with increased use of computer technology, very specific and personal information about a consumer's spending habits was being made available to anyone willing to pay for it; and second, that acts of harassment and violence were being committed by store clerks who obtained customers' phone numbers and addresses." *Florez v. Linens 'N Things, Inc.*, 108 Cal.App.4th 447, 452 (2003).

Another court in this district has dealt with this same issue and held that section 1747.08's proscription against collecting personal identification information does not apply to online transactions, finding that the policy and purpose of the Act did not address the unique fraud concerns which accompany such transactions. *Saulic v. Symantec Corp.*, 596 F. Supp. 2d 1323, 1336 (C.D. Cal. 2009).

The plaintiff in *Saulic* alleged that the defendants violated section 1747.08 by (1) requiring the plaintiff to submit his address and telephone number as a condition of completing an online purchase of software and (2) requiring the plaintiff to submit his address and telephone number again when he renewed the same product online. *Id.* at 1331. In analyzing whether plaintiff had standing to bring his claim, the court noted that, "[p]laintiff does not cite, and the [c]ourt does not find, any state or federal case in which a violation of section 1747.08 is found based on an online transaction." *Id.* at 1332. To determine whether section 1747.08 applies to online transactions, the court in *Saulic* examined the purpose of section 1747.08. Judge Alicemarie H. Stotler observed:

> The purpose of the Act appears to be to protect consumer privacy in the course of a retail transaction, and [the California Assembly Committee on Finance and Insurance] analysis suggests the Act was *specifically passed with a brick-and-mortar merchant environment in mind*. While the use of computer technology is mentioned, the language does not suggest the Legislature considered online transactions or the perils of misappropriation of consumer credit information in an online environment where there is no ability to confirm the identity of the customer. Neither the language of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02936-JHN -Ex | Date | January 6, 2012 |
|---|---|---|---|
| Title | Michael Mehrens v. Redbox Automated Retail LLC et al | | |

Act nor its legislative history suggests the Act includes online transactions.

*Id.* at 1333–34 (emphasis added). Recognizing that online transactions raise unique fraud concerns, the court highlighted that "[i]n an online transaction, without a request for personal identification information, online merchants must ultimately accept payment with nothing more than a name and credit card number—there is no 'verification.'" *Id.* at 1335. Finding that the Act's purpose was to prevent the use of personal identification information for unsolicited marketing, not as a fraud prevention measure, the court held that "online transactions are not encompassed within the Act." *Id.* at 1336.

The Court finds Judge Stotler's reasoning in *Saulic* persuasive. The Act was intended to combat the practice of collecting customer information that would ultimately be used for the sole benefit of the merchant corporation. In the context of a brick-and-mortar transaction, a customer's identity can be verified by having a salesperson examine the customer's driver's license or passport. Thus, it is unnecessary to record a customer's personal information in a brick-and-mortar transaction, and the only ascertainable reason for doing so would be for improper marketing or solicitation purposes. By contrast, collection of personal information in an online or unattended kiosk transaction may be the only means of verifying a customer's identity in order to prevent credit card fraud. Given the Act's focus on preventing unnecessary use of personal identification information, the language cannot reasonably be read to encompass online transactions, where recording such information is necessary for a legitimate purpose.

**B.     The Statute Is Inapplicable to Transactions at a Stand Alone Unmanned Redbox Kiosk For the Same Reasons that *Saulic* Found the Statute Does Not Apply to Online Transactions**

Defendant relies on the reasoning in *Saulic* and contends that Redbox kiosk transactions are analogous to online transactions and are therefore outside the purview of section 1747.08. (Mot. 7.) Plaintiff counters that Redbox kiosk transactions are "brick-and-mortar" transactions and therefore fall under section 1747.08. Plaintiff argues that unlike online transactions, customers cannot rent or buy Redbox DVDs without leaving the comfort of their home or office. (Opp'n 6.)

Plaintiff's distinction is immaterial. The same fraud concerns upon which *Saulic* was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02936-JHN -Ex | Date | January 6, 2012 |
|---|---|---|---|
| Title | Michael Mehrens v. Redbox Automated Retail LLC et al | | |

premised also exist in the context of Redbox stand alone unmanned kiosk transactions. In *Saulic*, the court explained that "an online transaction raises fraud concerns" and noted that there "are numerous differences between a 'brick and mortar' purchase and an online purchase and the merchant's ability to ensure the cardholder is who she claims to be." *Saulic*, 596 F. Supp. 2d at 1335. Plaintiff argues that Redbox could employ alternative identity verification methods, such as creating a Redbox only pin number or pass code or equipping Redbox kiosks with ID scanners. (Opp'n at 11.) Despite Plaintiff's suggestions, the fact remains that the fraud concerns associated with an unmanned Redbox kiosk are similar to the fraud concerns associated with an online transaction.[3]

Moreover, *Saulic* is consistent with the recent California Supreme Court case *Pineda v. Williams-Sonoma Stores, Inc*, 51 Cal. 4th 524 (2011). In *Pineda*, the court examined the legislative history of section 1747.8, later renumbered as section 1747.08. The court explained that, in 1990, the Legislature enacted 1747.8 "seeking 'to address the misuse of personal identification information for, inter alia, marketing purposes, and [finding] that there would be no legitimate need to obtain such information from credit card customers if it was not necessary to the completion of the credit card transaction.'" *Pineda*, 51 Cal. 4th at 534 (citation omitted, alteration in original). Here, a legitimate need—fraud prevention—existed to justify the request of Plaintiff's ZIP code in order to complete the transaction.

Finally, nothing in the legislative history indicates that legislators intended section 1747.08 to cover kiosk transactions such as those at issue here. Nor is there any hint that the Legislature considered the fraud concerns raised in the context of unmanned kiosk or online transactions. Therefore, the Court finds that section 1747.08 does not apply to Defendant's Redbox unmanned kiosk transactions.

---

[3] Plaintiff draws an analogy between Redbox transactions and pay-at-the-pump transactions "for personal or family purposes," which the California legislature explicitly included within the Act's coverage. (Opp'n at 8 (citing Section 1747.03(a)(2)).) However, pay-at-the-pump transactions involve onsite attendants, who are available to monitor and investigate suspicious credit card use. By contrast, there is no attendant monitoring credit card use and identifying suspicious activity at an unmanned Redbox kiosk. Absent a means of verifying identity up front, a thief could conceivably empty an entire kiosk unseen and unnoticed.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02936-JHN -Ex | Date | January 6, 2012 |
|---|---|---|---|
| Title | Michael Mehrens v. Redbox Automated Retail LLC et al | | |

### III.  CONCLUSION

Based on the foregoing, Plaintiff's sole cause of action is dismissed.  Because no amendment can cure the defect in the Complaint, the matter is dismissed with prejudice. Plaintiff's Motion to Certify (docket no. 39) is DENIED as moot.

**IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |